# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09CV971 JCH |
| | ) | |
| HEALTHLINK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiffs for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiffs are civilly committed residents of the Missouri Sexual Offender Treatment Center ("MSOTC"). They jointly filed this action pursuant to 42 U.S.C. § 1983, seeking relief for alleged violations of their civil rights. Named as defendants are: Healthlink, Inc.; Wellpoint; Harold Myers (an employee of Healthlink); Judy Sumpter (an employee of Healthlink); Alan Blake (Chief Operating Officer of MSOTC); Keith Schafer (Director, Missouri Department of Mental Health); and Jeremiah Nixon (Governor).

Plaintiffs allege that Missouri's practice of charging civilly committed sexually violent predators more than $8,000 per month for "room and board" is violative of the Constitution.[1] Plaintiffs additionally seek rescission of any alleged contracts entered into by them which could allow the State to charge them for healthcare and/or "room and board." Specifically, plaintiffs assert that they were coerced into signing Notices of Costs, presented to them by members of Healthlink (defendants Myers and

---

[1] Plaintiffs, and the Court recognize that certain Missouri Statutes allow for the State to charge patients in mental health programs for services rendered. See, Mo.Rev.Stat. §§ 473.398, 630.205, 630.210, and 630.215. It appears, given a liberal reading of the complaint, that plaintiffs are contesting whether these statutes can be constitutionally applied to them.

Sumpter), that could be perceived as permission for the State to assess charges against plaintiffs.

Plaintiffs' claims, as construed above, survive initial review under 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc. #20, 21, 22, 23, 24, 26, 28, 30, 33, 35, 36] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 31st day of August, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE