UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN VAN ORDEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09CV00971 AGF |
| | ) |
| HAROLD MEYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This purported class action is before the Court on Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint for failure to state a claim upon which relief can be granted. The named Plaintiffs are 14 individuals who are, or were, civilly-committed residents of the Missouri Department of Mental Health's ("Department") Sexual Offender Rehabilitation and Treatment Services ("SORTS") facility[1] at Southeast Missouri Mental Health Center ("SMMHC"). In this action commenced on June 22, 2009, they assert numerous violations of the United States and Missouri Constitutions based on the alleged lack of adequate care treatment provided to them. They also challenge the constitutionality of Missouri's statutory scheme that provides for reimbursement from Plaintiffs and/or their families or estates for the costs of Plaintiffs' care and treatment. Defendants are 11 state officials responsible for various aspects of SORTS, all sued in

---

[1] Formerly, the Missouri Sexual Offender Treatment Center ("MSOTC").

their official capacities.[2]  For the reasons set forth below, Defendants' motion to dismiss shall be granted in part and denied in part.

## BACKGROUND

Plaintiffs, and the purported class of approximately 150 SORTS participants, have been civilly committed to the Department for control, care, and treatment, upon a judicial finding that they were sexually violent predators and had "a mental abnormality" such that it was not safe for them to be at large.  Plaintiffs allege that Defendants have refused to provide any meaningful statutorily-mandated "care and treatment" to Plaintiffs. Rather, according to Plaintiffs, SORTS treats residents with disdain and utilizes practices which are counter-therapeutic and which destroy any hope residents may have of reforming. The care and treatment provided consists virtually exclusively of sporadic and frequently- cancelled group meetings, attended by an employee of SORTS, some of whom are unlicensed and untrained, at which the residents discuss their problems. Furthermore, the facilities used for SORTS residents are mold-infested and unhealthy and unsafe.

---

[2]  Defendants are Keith Schaefer, the Director of the Department; Mark Stringer, the Acting Director of Comprehensive Psychiatric Services at SORTS and SMMHC; Felix Vincenz, the Chief Operating Officer of the Division of Comprehensive Psychiatric Services at SORTS and SMMHC; Julie Inman, the former Chief Financial Officers at SORTS and SMMHC; Jay Englehart, the Medical Director at SORTS and SMMHC; Justin Arnett, the Chief Nurse Executive at SORTS and SMMHC; Melissa Ring, the Chief Operating Officer of SMMHC; Alan Blake, the Chief Operating Officer of SORTS; and Judy Sumpter and Harold Meyers, two reimbursement officers of the Department.

Plaintiffs allege that at various times specific to each Plaintiff, one or more Defendants or their agents, demanded that they each sign documents allowing the Department and related entities to collect funds from his personal financial account to be paid to SMMHC for his "care and treatment," at the rate of $325 per day. They allege that two of the named Plaintiffs (John Van Orden and Walter Ritchey) already have received bills from the Department charging them $9,750 and $8,175 per month, respectively, with balances continuing to mount. These reimbursement efforts were undertaken pursuant to Missouri's statutory scheme that provides that any "person receiving services" from the Department may be made liable for "the fees for services rendered to the person by a residential facility . . ." and that the person receiving services is jointly and severally liable for those fees together with his estate, spouse, and parents.

Plaintiffs claim that the statutory reimbursement scheme, and Defendants' policies and practices in accordance therewith, violate the "forfeiture of estate" clause of the Missouri constitution; and the bill of attainder, cruel and unusual punishment, excessive fine, equal protection, procedural due process, unreasonable seizure of property, and ex post facto clauses of the federal and state constitutions. Plaintiffs also claim that the inadequate care and treatment provided to them, and to all others similarly situated, violates their substantive due process rights, and renders the reimbursement scheme even more objectionable, as there is no consideration for the amounts that are statutorily collectable, turning Plaintiffs' civil-commitment into state-imposed punishment.

Plaintiffs state in the Fourth Amended Complaint that "[t]his action seeks prospective relief arising from the plaintiffs' deprivation of rights under the United States

and Missouri Constitutions by defendants." More specifically, in their prayer for relief, Plaintiffs ask the Court to declare the statutory reimbursement scheme to be unconstitutional, and to order the return of all property seized from Plaintiffs or their estates or families pursuant to that scheme. Plaintiffs also seek a declaration that the care and treatment provided by SORTS is constitutionally inadequate. They also seek injunctive relief, enjoining Defendants from seeking to obtain payment for the costs of Plaintiffs' care and treatment, and to improve the level of care and treatment provided in certain specific ways, such as by hiring trained psychologists and experts in sex offender treatment.

In support of their motion to dismiss, Defendants argue that the "forfeiture of estate" and excessive fines clauses only apply to forfeiture/fines that are a direct result of a criminal conviction, which is not the case here; the bill of attainder claims fail as a matter of law because the challenged statutory scheme does not inflict "punishment" on Plaintiffs without a judicial trial; and the prohibition against cruel and unusual punishment does not apply to Plaintiffs, who are civilly-committed individuals.

Defendants argue that Plaintiffs' allegations that they are not receiving adequate care and treatment also fail to state a claim because states have wide latitude in developing treatment regimens for civilly-committed sexual offenders. Defendants next argue that an equal protection challenge to the statutory reimbursement scheme fails because Plaintiffs are not treated differently than similarly situated individuals, and the scheme is rationally related to a legitimate state interest.

Defendants maintain that Plaintiffs have failed to state a substantive due process claim based on the level of care and treatment provided to them, because no "punishment" is involved, and because Plaintiffs have failed to identify a "fundamental right" that is implicated. Defendants next argue that Plaintiffs' unlawful-seizure-of-property claim fails because there is no allegation that Defendants actually seized any funds from any Plaintiff; and the claims based on the ex post facto clauses in the federal and state constitutions fail because these clauses only pertain to penal statutes, and the reimbursement statutes are civil in nature.

Defendants' remaining arguments in support of dismissal of the Fourth Amended Complaint are that to the extent Plaintiffs seek reimbursement for amounts collected more than five years prior to the date of the filing this action, or other relief for conduct engaged in during that period, such claims are barred by the statute of limitations; to the extent that the request for the return of property seized constitutes a claim for damages, such claim is barred by the Eleventh Amendment; Plaintiffs' challenge to the statutory scheme regarding reimbursement rights from any of Plaintiffs' estates is not ripe; and one named Plaintiff (David Brown) does not have standing because he was released from SORTS in May 2009.[3]

---

[3] As a preliminary matter, the Court rejects Defendants' argument that the structure of Plaintiffs' Fourth Amended Complaint violates Federal Rule of Civil Procedure 10. And Defendants' argument that they are entitled to qualified immunity on Plaintiffs' federal constitutional claims is misplaced, as qualified immunity is a defense that is only available to governmental employees sued in their individual capacity. *See VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007).

# DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm,* 621 F.3d 816, 819 (8th Cir. 2010).

**Adequacy of Care and Treatment**

Missouri's Sexually Violent Predators Act ("SVPA") authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. Mo. Rev. Stat. §§ 632.480, *et seq*. The SVPA applies to persons who have pled or been found guilty of a sexually violent offense, persons found not guilty of committing a sexually violent offense by reason of mental disease or defect, persons committed as criminal sexual psychopaths, and persons at any time convicted of a sexually violent offense who have committed a recent overt act. *Id.* §§ 632.480(5)(a) and (b); 632.484.1(1) and (2). The State has a statutory obligation to provide "care and treatment" for persons committed under the SVPA, designed to effect recovery. *Id.* § 632.495.2 ("If the court or jury determines that the person is a sexually violent predator, the person shall be committed to the custody of the director of the department of mental health for control, care and treatment until such time as the person's

mental abnormality has so changed that the person is safe to be at large."); *Strutton v. Meade*, No. 4:05CV02022 ERW, 2010 WL 1253715, at *35 (E.D. Mo. March 31, 2010).

The proper standard for analyzing Plaintiffs' claim was set forth as follows in *Strutton*: "Defendants' actions in denying [Plaintiffs their] statutory right to treatment will be found unconstitutional under the Fourteenth Amendment if they were so arbitrary or egregious as to shock the conscience." *Strutton*, 2010 WL 1253715, at *35 (citing *Leamer v. Fauver*, 288 F.3d 532, 546-47 (3d Cir. 2002) (holding that a substantive due process claim alleging inadequate treatment for committed sex offender "must focus on the challenged abuse of power by officials in denying [the plaintiff] the treatment regimen that was statutorily mandated and was necessary in order for his condition to improve, and thus for him to advance toward release")). The question is "how little treatment Defendants can provide before their behavior becomes conscience-shocking and therefore unconstitutional." *Id.* at *36. This claim is fact-intensive and will require further development of the record, and is therefore not subject to dismissal at this time.

The Court further agrees with Plaintiffs that their claims for prospective equitable relief for the allegedly continuing unconstitutionally inadequate treatment are not barred by the statute of limitations. Accordingly, Defendants' motion to dismiss Plaintiff's substantive due process challenge based on the failure to provide mandated treatment will be denied.

Plaintiffs' claim that the level of care and treatment provided constitutes "punishment," in violation of the due process clause, however, is subject to dismissal for

lack of factual support for such a claim. *See, e.g., Aune v. Ludeman*, No. 09-0015 (JNE/SRN), 2010 WL 145276, at *4-5 (D. Minn. Jan. 8, 2010).

With respect to the standing of Plaintiff Brown, Plaintiffs allege that Brown was confined at SORTS between November 17, 2008, and May 2009. Jurisdictional issues such as standing must be determined at the time the lawsuit is filed. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 814 (8th Cir. 2006); *see also Smith v. Norris*, 877 F. Supp. 1296 (E.D. Ark. 1995) (holding that inmate complaining of unconstitutional prison conditions in his unit continued to have standing to pursue his claim for injunctive relief, even though he had been transferred out of unit, where transfer was effectuated subsequent to filing of his complaint), *rev'd in part on other grounds, Smith v. Ark. Dep't of Corr.*, 103 F.3d 637 (8th Cir. 1996). Thus, Defendants' argument that Brown has no standing to pursue this claim is rejected.

**<u>Constitutionality of Statutory Scheme for Payment for Services</u>**

As noted above, under Missouri law, any "person receiving services" from the Department may be made liable for "the fees for services rendered to the person by a residential facility, day program or specialized service operated or funded by the department." Mo. Rev. Stat. § 630.205.1. The person receiving services is jointly and severally liable for those fees together with "the person's estate, spouse, parents, if the person is a minor, and any fiduciary or representative payee holding assets for the person or on the person's behalf." *Id.*

The director of the Department is charged with determining "the maximum amount for services which shall be charged in each of the residential facilities . . . operated or

8

funded by the department." *Id.* § 630.210.1. When the person who received services dies, "the total amount paid to the decedent or expended upon his behalf . . . shall be a debt due the state or county . . . from the estate of the decedent." *Id.* § 473.398. As a seventh class creditor, the State's debt is paid only after satisfying certain costs, such as funeral expenses, and other debts, such as taxes due to the United States, and after allowing for exempt property, such as the family and homestead allowances. The decision of the Director to seek reimbursement for services rendered may be appealed to the Missouri circuit court, under the Missouri Administrative Procedures Act. *Id.* § 630.215.3. "The decision of the director in determining the amount to be charged for services to a patient," may be also reviewed in Missouri circuit court. *Id.* § 630.120.

The Court finds Defendants' argument that Plaintiffs' challenge to this statutory scheme is not ripe for adjudication to be without merit. The claims of Van Orden and Ritchey are clearly ripe for review as payments due have already been assessed as to them. Furthermore, Plaintiffs have alleged that each of them have been pressured, or at least asked, to sign documents that will enable Defendants to collect payments pursuant to the statutes at issue here. As with the claim based upon allegedly unconstitutional treatment, Plaintiffs' claims for equitable relief for the continuing and prospective unconstitutional efforts to charge Plaintiffs or their estates for care and treatment allegedly not provided, are not barred by the statute of limitations. Defendants have not identified any specific acts challenged by Plaintiffs which would fall beyond the applicable five-year limitations period.

Plaintiffs have taken wide aim at the state and federal constitutions in asserting that the statutory scheme, on its face or as applied to them, is unconstitutional. The Court concludes that most of the constitutional clauses relied upon by Plaintiffs are unavailing, largely for the reasons posited by Defendants. The "forfeiture of estate" clause of the Missouri Constitution applies to the consequences of criminal convictions, and the "excessive fine" clauses of the state and federal constitutions apply to actions by the government to inflict punishment for criminal offenses. While, as Plaintiffs allege, their civil commitment would not have taken place but for their earlier criminal conviction, the Missouri statutes that allow the Department to seek reimbursement from Plaintiffs and/or their estates do not impose punishment for Plaintiffs' criminal convictions. Plaintiffs have cited no cases, nor has the Court found any cases, suggesting that these clauses have any applicability to the claims at issue here.

Similarly, the ex post facto clause applies to laws imposing punishment, which is not the case here. *See Stanley v. Ohio Dep't of Rehab. & Corr.*, No. C2-02-178, 2002 WL 31409435, at *2 (S.D. Ohio Aug. 13, 2002) (explaining that imposition of co-payment for medical services upon prisoner did not violate ex post facto clause, even though change occurred subsequent to prisoner's conviction, because co-payment did not impose any additional punishment or risk of punishment). The Court also concludes that application of the reimbursement statutory scheme to Plaintiffs does not implicate their constitutional rights to be free from unlawful seizure of their effects. *See Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (rejecting "illegal search and seizure claim" as to prison's regulation, pursuant to state law allowing prisons to recover costs of

supervision and incarceration from certain offenders, requiring inmates must pay a $3 copayment for certain medical visits). Again, Plaintiffs have cited no cases, nor has the Court found any, suggesting that the federal and state prohibitions against unlawful searches and seizures have applicability here.

A prohibited bill of attainder is a legislative act that applies "either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." *United States v. Lovett*, 328 U.S. 303, 315 (1946). The statutory reimbursement scheme, as written or applied, does not fit this definition. Similarly, the claim that the statutory scheme, as written or applied, constitutes "cruel and unusual punishment," fails as a matter of law. *See Bailey,* 15 F. App'x at 250.

Plaintiffs' procedural due process challenge to the statutory reimbursement scheme also fails as a matter of law, as they have pre-deprivation notice and post-deprivation judicial review available as to both the decision to seek reimbursement and the amount sought. *See Reynolds v. Wagner*, 128 F.3d 166, 179-80 (3d Cir. 1997) (holding that taking funds from inmates' accounts to cover medical services did not violate procedural due process where notice and post-deprivation remedies existed).

Plaintiffs' claim that Defendants' acts in allegedly taking or threatening to take money from Plaintiffs for treatment that was not provided, violate Plaintiffs' substantive due process rights shall, however, be permitted to proceed. *Cf. Stanley*, 2002 WL 31409435, at *2 (holding that requiring prisoners to pay *for services actually received* does not violate due process).

This leaves Plaintiffs' equal protection claim. In their Fourth Amended Complaint, Plaintiffs allege that Defendants treat Plaintiffs differently than other civilly-committed patients of the Department in that Defendants charge a lower fee to patients who were civilly committed due to mental abnormalities not related to sexual conduct, than to patients such as Plaintiffs, whose mental abnormalities were related to sexual conduct, and whose treatment is inferior to that provided to other patients. Plaintiffs allege that there is no rational basis for this difference. While Defendants challenge whether such differences actually exist and whether there is a rational basis for them, these are issues best determined upon further factual development of the record.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint is **DENIED** with respect to Plaintiffs' claim that their Fourteenth Amendment rights were violated due to the lack of adequate care and treatment, and as to their equal protection and substantive due process claims based upon Missouri's statutory reimbursement scheme as applied to Plaintiffs; the motion is **GRANTED** as to all other aspects of the Fourth Amended Complaint. [Doc. #123]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2011.