UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN VAN ORDEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:09CV00971 AGF |
| | ) |
| KEITH SCHAEFER, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This putative class action is before the Court on Defendants' motions (Docs. No. 273 & 330) to dismiss Plaintiffs' Fifth Amended Complaint for failure to state a claim upon which relief can be granted. The named Plaintiffs are individuals who are, or were, civilly-committed residents of the Missouri Department of Mental Health's ("Department") Sexual Offender Rehabilitation and Treatment Services ("SORTS")[1] facilities in Farmington and Fulton, Missouri. Plaintiffs commenced this 42 U.S.C. § 1983 action on June 22, 2009, asserting numerous violations of the United States and Missouri constitutions based on the alleged lack of adequate care and treatment provided to them. They also challenge the constitutionality of Missouri's statutory scheme that provides for reimbursement from Plaintiffs and/or their families or estates for the costs of Plaintiffs' care and treatment. Defendants are state officials responsible for various aspects of SORTS, all sued solely in

---

[1] Formerly, the Missouri Sexual Offender Treatment Center ("MSOTC").

their official capacities.[2] For the reasons set forth below, Defendants' motions to dismiss shall be granted in part and denied in part.

## BACKGROUND

The Court previously granted in part and denied in part a nearly identical motion to dismiss brought by Defendants in response to Plaintiffs' Fourth Amended Complaint. (Doc. No. 192.) Plaintiffs' Fourth Amended Complaint (Doc. No. 117) claimed that the statutory reimbursement scheme, Mo. Rev. Stat. § 630.205 et seq., and Defendants' policies and practices in accordance therewith, violated the "forfeiture of estate" clause of the Missouri constitution; and the bill of attainder, cruel and unusual punishment, excessive fine, equal protection, procedural due process, substantive due process, unreasonable seizure of property, and ex post facto clauses of the federal and state constitutions. Plaintiffs further

---

[2] Defendants are Keith Schaefer, Director of the Department; Rick Gowdy, Director of Forensic Psychiatry for the Department; Joseph Parks, Chief Clinical Officer of the Office of the Director at the Department; Robert Reitz, Director of Psychiatric Facilities and Chief Executive Officer of Fulton State Hospital; Melissa Ring, Chief Operating Officer of SORTS, which is a division or office of the Southeast Missouri Mental Health Center ("SMMHC"); Julie Inman Regional Executive Officer of SMMHC; Linda Moll, Director of Treatment Services at SMMHC; Alan Blake, former Chief Operating Officer of SORTS; Jay Englehart, Medical Director at SMMHC and SORTS; Mark Stringer, Director of Behavioral Services of Department; Donna Augustine, Interim Chief Operating Officer of SMMHC; Dave Schmitt, Quality Improvement Director of SMMHC; Justin Arnett, Chief Nurse Executive of SMMHC; Marty Martin-Forman, Chief Operating Officer of Fulton State Hospital; Ian Fluger, Program Coordinator for SORTS; Sherry Lee, Chief Nurse Executive for Fulton State Hospital; Kristina Bender-Crice, Unit Program Supervisor of SORTS; Ericka L. Kempker, psychologist for the Department; and Judy Sumpter and Harold Meyers, two reimbursements officers of the Department. Plaintiffs added George Lombardi, Director of the Missouri Department of Corrections, as a Defendant on July 8, 2014. (Docs. No. 302 & 315). Lombardi has filed a separate motion to dismiss, adopting all of the arguments raised by his co-Defendants. (Doc. No. 330). Finally, Plaintiffs assert claims against "Doe Defendants," who are unidentified past, present, or future employees, vendors, and independent contractors of the Department, sued in their official capacities, for having some responsibility for the violation of Plaintiffs' rights.

claimed that the inadequate care and treatment provided to them violated their substantive due process rights, and rendered the reimbursement scheme even more objectionable, as there was no consideration for the amounts that were statutorily collectable, turning Plaintiffs' civil commitment into state-imposed punishment. Plaintiffs brought their claims on behalf of themselves and all others similarly situated, and sought as relief a declaration that the care and treatment provided by SORTS, and the statutory reimbursement scheme for such treatment, were unconstitutional; an order enjoining Defendants from seeking to obtain payment for the costs of Plaintiffs' care and treatment and requiring Defendants to improve the level of care and treatment provided in certain specific ways, such as by hiring trained psychologists and experts in sex offender treatment; and an order returning all property seized from Plaintiffs or their estates or families pursuant to the statutory reimbursement scheme.

In ruling on Defendants' motion to dismiss the Fourth Amended Complaint, the Court rejected the following procedural challenges raised by Defendants: that Plaintiffs' claims were barred by Missouri's five-year statute of limitations for actions under 42 U.S.C. § 1983; that Plaintiffs' challenge to the statutory reimbursement scheme was not ripe because Plaintiffs did not allege that Defendants had actually enforced any claim for reimbursement; that to the extent Plaintiffs' request for return of property seized constituted a claim for damages, such claim was barred by the doctrines of qualified immunity and Eleventh Amendment immunity; and that Plaintiff David Brown lacked standing because he no longer resided at SORTS. (Doc. No. 192 at 5.) The Court held that because Plaintiffs alleged injury on a continuing basis, their claims were not barred by the statute of

limitations. (*Id.* at 7, 9.) The Court likewise found that Defendants' ripeness argument was without merit because "Plaintiffs have alleged that each of them have been pressured, or at least asked, to sign documents that will enable Defendants to collect payments pursuant to the statutes at issue here." (*Id.* at 9.) Further, the Court rejected Defendants' qualified immunity defense as unavailable to governmental employees sued solely in their official capacities, as here. (*Id.* at 5 n.3.) Finally, the Court held that standing is determined at the time the lawsuit was filed, and Plaintiff Brown's confinement at SORTS at that time gave him standing to pursue his claims. (*Id.* at 8.)

Regarding Defendants' substantive arguments that Plaintiffs' Fourth Amended Complaint failed to state a claim based on inadequate treatment and care, the Court held that Plaintiffs' claims that the treatment provided to them, or lack thereof, violated their substantive due process rights was a "fact-intensive" claim, which required further development of the record and was therefore not subject to dismissal at that time. (Doc. No. 192 at 7.) However, the Court found that "Plaintiffs' claim that the level of care and treatment provided constitutes 'punishment'" was "subject to dismissal for lack of factual support for such a claim." (*Id.* at 7-8.)

Regarding Plaintiffs' claims that the statutory reimbursement scheme was unlawful, the Court agreed that Plaintiffs' Fourth Amended Complaint failed to state a claim under the "forfeiture of estate" clause of the Missouri constitution and the excessive fine clauses of the federal and state constitutions because these clauses apply only to actions by the government to inflict punishment for criminal offenses. (Doc. No. 192 at 10.) Likewise, the Court held that the reimbursement scheme did not implicate the bill of attainder, ex post

facto, unlawful search and seizure, or cruel and unusual punishment clauses of the federal or state constitutions. (*Id.* at 10-11.) The Court further held that Plaintiffs' procedural due process challenge to the statutory reimbursement scheme failed as a matter of law because of the pre-deprivation notice and post-deprivation judicial review procedures available under the relevant statute, as to both the decision to seek reimbursement and the amount sought. (*Id.* at 11.) However, the Court permitted Plaintiffs' substantive due process and equal protection claims regarding the reimbursement scheme to go forward, as these claims were "best determined upon further factual development of the record." (*Id.* at 11-12.)

Following the Court's ruling, the only claims remaining in Plaintiffs' Fourth Amended Complaint were (1) that Defendants' lack of adequate care and treatment violated Plaintiffs' substantive due process rights, and (2) that Missouri's statutory reimbursement scheme as applied to Plaintiffs violated their substantive due process and equal protection rights. The Court thereafter granted Plaintiffs' motion for class certification, certifying two classes: (1) a "Treatment Class" consisting of persons who are or will be residents of SORTS during the pendency of this action, and who seek relief related to the treatment or lack of treatment provided to SORTS residents; and (2) a "Charging Class" consisting of persons who are or will be residents of SORTS during the pendency of this action, and former SORTS residents, who have been or will be billed or charged for their care, treatment, room, or board at SORTS. (Doc. No. 197.)

On February 6, 2014, Plaintiffs filed a motion for leave to file a fifth amended complaint. (Doc. No. 255.) Plaintiffs asserted that "the heart of the claims" had not been changed, but Plaintiffs sought to plead new facts gathered from Defendants' internal

documents; to add a new, alternative claim under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq.; and to add and drop certain parties. (*Id.*)  Defendants did not oppose Plaintiffs' motion for leave, and the Court granted Plaintiffs' motion. (Doc. No. 257.)

Plaintiffs filed their Fifth Amended Complaint (Doc. No. 258) on February 19, 2014. Plaintiffs continue to assert the claims that survived the last motion to dismiss, namely, that Defendants' inadequate care and treatment of Plaintiffs violates Plaintiffs' substantive due process rights, and that the statutory reimbursement scheme violates Plaintiffs' substantive due process and equal protection rights.  Plaintiffs also replead some of their dismissed claims, namely, that the statutory reimbursement scheme violates Plaintiffs' rights under the cruel and unusual punishment, procedural due process, unreasonable seizure of property, and ex post facto clauses of the federal and state constitutions. (*Id.* at 74-83.)  Plaintiffs do not replead the dismissed "forfeiture of estate," bill of attainder, or excessive fines claims. But Plaintiffs add claims that the inadequate care and treatment they received constitutes cruel and unusual punishment and double jeopardy in violation of the Eighth Amendment, and, alternatively, that the care and treatment provided at SORTS, as compared to other Department programs, violates the ADA.

Defendants brought the instant motion to dismiss on April 22, 2014, and newly-named Defendant George Lombardi filed a separate motion to dismiss on August 25, 2014, adopting all of the arguments of his co-Defendants. (Docs. No. 273 & 330.)  Defendants raise nearly identical arguments as they raised in response to Plaintiffs' Fourth Amended Complaint.  Specifically, Defendants reassert each of the procedural bars they raised in their

last motion to dismiss, including the statute of limitations, ripeness doctrine, qualified immunity, and Eleventh Amendment immunity. And Defendants again challenge the standing of one Plaintiff, this time Macon Baker, whom Defendants allege was released from SORTS and was not charged any money for any treatment received at SORTS.

Defendants also reassert many of their substantive challenges to Plaintiffs' claims. Specifically, Defendants maintain that Plaintiffs' allegations relating to the statutory reimbursement scheme fail to state an equal protection claim because Plaintiffs are not treated differently than similarly situated individuals, and the scheme is rationally related to a legitimate state interest; fail to state a substantive due process claim because no "fundamental right" is implicated; fail to state a procedural due process claim because the statute provides adequate notice and judicial review procedures; fail to state an unreasonable seizure of property claim because Plaintiffs do not allege Defendants actually seized any property from Plaintiffs; and fail to state an ex post facto claim because the reimbursement statute is civil, not penal.

Defendants also argue that the Eighth Amendment prohibition against cruel and unusual punishment does not apply to Plaintiffs' care and treatment or reimbursement claims because Plaintiffs are civilly, rather than criminally, committed.

Finally, Defendants argue that Plaintiffs' new and alternative ADA claim fails as a matter of law because the ADA only requires a reasonable accommodation for a plaintiff's disability, and "[a] reasonable accommodation has been given to Plaintiffs in the form of a sexual offender program to assist them[.]" (Doc. No. 276 at 25.)

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

**Procedural Challenges**

As an initial matter, the Court rejects Defendants' statute of limitations, ripeness, immunity, and standing challenges for the same reasons it did so previously. Plaintiffs' claims allege inadequate treatment and unlawful efforts to seek reimbursement on a continuing basis, and as such, are not barred by the statute of limitations. *See Lake St. Louis Cmty. Ass'n v. Oak Bluff Preserve*, 956 S.W.2d 305, 309-10 (Mo. Ct. App. 1997) ("Missouri recognizes the continuing or repeated wrong rule," under which "the wrong may be said to continue from day to day, and to create a fresh injury from day to day.") (citations omitted). Likewise, Defendants' ripeness arguments continue to be without merit, as Plaintiffs allege that Defendants are actively seeking to obtain reimbursement. *See South Dakota Mining*

*Ass'n v. Lawrence Cty.*, 155 F.3d 1005, 1008 (8th Cir. 1998) ("A plaintiff does not have to await consummation of threatened injury before bringing a declaratory judgment action. Instead, an action is ripe for adjudication if the plaintiff faces injury that is certainly impending," meaning plaintiffs "have shown a realistic danger of sustaining an immediate, direct injury as a result of the operation or enforcement of the challenged [provision].") (citations omitted). Further, as the Court previously explained, Defendants cannot claim qualified immunity, as that defense does not apply to governmental employees sued solely in their official capacities, as here. *See VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007). Defendants' Eleventh Amendment immunity argument also fails because the Eleventh Amendment does not bar claims against state officials for prospective equitable relief, including monetary awards that are "restitutionary in nature" or are "incidental to or intertwined with injunctive relief," as the return of any improperly seized property would be here. *Hopkins v. Saunders*, 199 F.3d 968, 977 (8th Cir. 1999). Finally, the Court rejects Defendants' challenge to Plaintiff Macon Baker's standing because Plaintiffs allege that Baker was detained at SORTS on the date the lawsuit was filed, and, as the Court has already held, that is the date on which jurisdictional issues such as standing are determined. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 814 (8th Cir. 2006).

**<u>Adequacy of Care and Treatment</u>**

This Court has already held, and Defendants do not appear to challenge, that Plaintiffs have stated a plausible claim that the lack of adequate care and treatment at SORTS violates Plaintiffs' substantive due process rights. Plaintiffs' Fifth Amended Complaint only pleads more detailed facts in support of this claim.

However, the Court agrees with Defendants that the inadequate care and treatment claim is more properly addressed under the Fourteenth Amendment than the Eighth Amendment. *See Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) (holding that the Fourteenth, rather than the Eighth, Amendment applies to civilly committed individuals). Therefore, the Court will dismiss Plaintiffs' claims that the inadequate care and treatment they received violates the Eighth Amendment's prohibitions against cruel and unusual punishment and double jeopardy. In doing so, the Court recognizes that "[u]nder the Fourteenth Amendment, civilly-committed persons . . . are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment*." Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (citation omitted).

**Statutory Reimbursement Scheme**

For the same reasons discussed in ruling on Defendants' last motion to dismiss, the Court will dismiss Plaintiffs' claims that the statutory reimbursement scheme violates Plaintiffs' rights under the cruel and unusual punishment, procedural due process, unreasonable seizure of property, and ex post facto clauses of the federal and state constitutions, but the Court will not dismiss Plaintiffs' claims that the reimbursement scheme violates their substantive due process and equal protection rights.

The additional factual details pled in Plaintiffs' Fifth Amended Complaint do not alter the Court's prior conclusion that the statutory reimbursement scheme here does not implicate Plaintiffs' constitutional rights to be free from unreasonable seizure of property, cruel and unusual punishment, or ex post facto laws. *See Bailey v. Carter*, 15 F. App'x 245, 249-50 (6th Cir. 2001) (rejecting similar "illegal search and seizure" and "cruel and unusual

punishment" claims regarding state law allowing prisons to recover costs of supervision and incarceration from certain offenders); *Stanley v. Ohio Dep't of Rehab. & Corr.*, No. C2-02-178, 2002 WL 31409435, at *2 (S.D. Ohio Aug. 13, 2002) (explaining that imposition of co-payment for medical services upon prisoner did not violate ex post facto clause, even though change occurred subsequent to prisoner's conviction, because co-payment did not impose any additional punishment or risk of punishment). Nor does the reimbursement scheme violate procedural due process because, as the Court previously held, the statute provides Plaintiffs with pre-deprivation notice and post-deprivation judicial review procedures as to both the decision to seek reimbursement and the amount sought. *See* Mo. Rev. Stat. §§ 630.210, 630.215; *see also Reynolds v. Wagner*, 128 F.3d 166, 179-80 (3d Cir. 1997) (holding that taking funds from inmates' accounts to cover medical services did not violate procedural due process where notice and post-deprivation remedies existed).

However, the Court will allow, as it did previously, Plaintiffs' substantive due process and equal protection challenges to the reimbursement scheme to proceed past the pleading stage. Plaintiffs' allegations that Defendants violated their fundamental rights by taking or threatening to take money from them for treatment that was not adequately provided, and that Defendants treat SORTS residents differently than other civilly-committed residents by charging SORTS residents higher fees for inferior treatment without any rational basis for such differences, continue to state plausible claims that will benefit from further development of the record.

**Alternative ADA Claim**

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, plaintiffs must allege (1) they are qualified individuals with a disability; (2) they were excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against; and (3) such exclusion, denial or discrimination was because of the disability. *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

The Supreme Court has held that "undue institutionalization" and "unjustified segregation of persons with disabilities" may qualify as a form of discrimination under the ADA. *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 597-600 (1999). However, the state must only employ "reasonable modifications to avoid discrimination" and need not employ modifications that "entail a fundamental alteration of the States' services and programs." *Id.* at 603; *see also* 28 C.F.R. § 35.130(b)(7). In *Olmstead*, the Supreme Court noted that "[i]f, for example, the State were to demonstrate that it had a comprehensive, effectively working plan for placing qualified persons with mental disabilities in less restrictive settings, and a waiting list that moved at a reasonable pace not controlled by the State's endeavors to keep its institutions fully populated, the reasonable-modifications standard would be met." 527 U.S. at 605-06.

Plaintiffs allege that under the ADA, they have the right to live integrated lives, to not be segregated, to be in the custody of the least restrictive alternative for commitment,

and to be treated equally to civilly committed residents of other Department programs with respect to opportunities for release and resources expended for care and treatment. Plaintiffs allege that Defendants violated these rights under the ADA by unjustifiably institutionalizing even those Plaintiffs whom Defendants conceded presented "no apparent risk" (Doc. No. 258 at 21, 118), and by failing to provide Plaintiffs with the same access to funding, treatment, and opportunities for release provided to other Department residents committed for non-sex-related mental disabilities. Plaintiffs assert that Defendants' own statements that "no one has ever graduated from [SORTS]" (*Id.* at 122) demonstrates that Defendants do not have a "comprehensive, effectively working plan for placing qualified persons with mental disabilities in less restrictive settings" as contemplated by *Olmstead*.

Defendants do not contest that Plaintiffs are persons with disabilities as defined by the ADA or that they qualify for the benefit of non-discriminatory care and treatment under the ADA. However, Defendants dispute that the care and treatment they provide to Plaintiffs is discriminatory. Defendants argue that the ADA only requires "reasonable accommodations" in policies, practices, or procedures in order to avoid discrimination on the basis of disability, and that the SORTS program itself is such a reasonable accommodation. Defendants do not address Plaintiffs' allegations of discrimination based on unequal access to funding, treatment, and opportunities for release as other civilly committed residents of the Department with non-sex-related mental disabilities.

The Court finds that Plaintiffs' allegations that they are being unjustifiably institutionalized even when they present "no apparent risk," without an effective working plan for placing them in less restrictive settings, and that they are not afforded the same

access to treatment and opportunities for release as other civilly committed residents, state a plausible claim for disability discrimination under the ADA. *See Ireland v. Anderson*, No. 3:13–cv–3, 2014 WL 3732014, at *10 (D.N.D. July 25, 2014) (Plaintiffs' allegations that "[a]fter commitment [individuals found to be "sexually dangerous" under state statute] have fewer services, facilities, and privileges than inmates and more restrictions than other civilly committed individuals" were sufficient "to state a plausible claim under Title II of the ADA."). Whether Plaintiffs' requests for alterations in funding, treatment, and opportunities for release or transfer to less restrictive settings constitute "reasonable accommodations" to avoid discrimination or are, alternatively, "fundamental alterations" of the state's services and programs are fact-intensive issues that require further development of the record.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Plaintiffs' Fifth Amended Complaint are **DENIED** with respect to Plaintiffs' substantive due process claim based on lack of adequate care and treatment, Plaintiffs' substantive due process and equal protection claims based on Missouri's statutory reimbursement scheme, and Plaintiffs' alternative disability discrimination claim under the ADA; the motions are **GRANTED** as to all other aspects of Plaintiffs' Fifth Amended Complaint. (Docs. No. 273 & 330.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2014.