UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV00971 AGF |
| | ) | |
| KEITH SCHAEFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' uncontested motion (Doc. No. 355) to bifurcate the trial by first conducting a separate trial on the question of whether Defendants are liable for the claims asserted by Plaintiffs, and if Plaintiffs prevail, then conducting a second trial to determine the appropriate remedies and relief, including further reports and recommendations from appointed experts. For the reasons set for the below, the motion shall be granted.

## BACKGROUND

Plaintiffs, current and former civilly-committed residents of the Missouri Department of Mental Health's ("Department") Sexual Offender Rehabilitation and Treatment Services ("SORTS")[1] facilities, brought this putative class action asserting numerous violations of the United States and Missouri constitutions, as well as the Americans with Disabilities Act, based on the alleged lack of adequate care and treatment provided to them. They also

---
[1] Formerly, the Missouri Sexual Offender Treatment Center ("MSOTC").

challenge the constitutionality of Missouri's statutory scheme that provides for reimbursement from Plaintiffs and/or their families or estates for the costs of Plaintiffs' care and treatment. Plaintiffs seek declaratory and injunctive relief.

In support of their uncontested motion to bifurcate the trial, Plaintiffs assert that bifurcation will serve judicial economy and promote settlement because if liability is found in phase one, the parties may reach agreement on an appropriate remedy and avoid the need for expensive expert discovery and recommendations regarding the scope of relief. Alternatively, if liability is not found, there will be no need for presentation of evidence regarding the scope of relief. Finally, Plaintiffs assert that bifurcation will not prejudice Defendants, as Defendants do not object to Plaintiff's motion to bifurcate.

## **DISCUSSION**

Federal Rule of Civil Procedure 42(b) provides that the Court, "[f]or convenience, to avoid prejudice, or to expedite and economize," may "order a separate trial of one or more separate issues[.]" Fed. R. Civ. P. 42(a). District courts are given "considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced." *Rolscreen Co. v. Pella Prods. of St. Louis, Inc*., 64 F.3d 1202, 1209 (8th Cir. 1995). Factors to consider in determining whether bifurcation is appropriate include "the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, No. 4:00-CV-1073 (CEJ), 2006 WL 1026992, at *2 (E.D. Mo. Apr. 14, 2006) (citation omitted).

In this case, the Court finds that bifurcation is warranted because the issues of liability and damages are separable, bifurcation may promote settlement and will likely conserve resources, and as Defendants do not object to bifurcation, no party will be prejudiced.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to bifurcate trial is **GRANTED**. (Doc. No. 355.) The current trial setting in this case shall be limited to a trial on the question of whether Defendants are liable for the claims asserted by Plaintiffs. If Plaintiffs prevail on any claim, then the Court shall order the parties to submit a proposed schedule for a second trial to determine the appropriate remedies and relief.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2014.