UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN VAN ORDEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:09CV00971 AGF |
| | ) |
| HAROLD MYERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (Doc. No. 345) to reconsider the Court's October 17, 2014 Memorandum and Order (Doc. No. 338) granting Defendants' motion to dismiss with respect to Plaintiffs' cruel and unusual punishment and double jeopardy claims. For the reasons set forth below, Plaintiffs' motion shall be denied.

## BACKGROUND

This class action, filed by civilly committed residents of the Missouri Department of Mental Health's Sexual Offender Rehabilitation and Treatment Services ("SORTS") facilities, raises constitutional and statutory challenges regarding (1) the care and treatment, or lack thereof, provided to SORTS residents by state officials; and (2) the state's statutory scheme requiring reimbursement from SORTS residents for the costs of their allegedly inadequate care and treatment.

On October 17, 2014, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' fifth amended complaint (the "complaint"). Plaintiffs' complaint asserted several 42 U.S.C. § 1983 claims, and an alternative claim under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.  Specifically, Plaintiffs challenged their care and treatment at SORTS on substantive due process, cruel and unusual punishment, double jeopardy, and ADA grounds; and they challenged the state's reimbursement scheme on substantive due process, equal protection, procedural due process, unreasonable seizure of property, and ex post facto grounds.  The Court held that Plaintiffs' complaint stated substantive due process and ADA claims for lack of adequate care and treatment, and substantive due process and equal protection claims for unlawful reimbursement.  (Doc. No. 338.)  However, the Court dismissed Plaintiffs' other claims.

With respect to Plaintiffs' cruel and unusual punishment and double jeopardy claims, the Court held that, because Plaintiffs are civilly, rather than criminally, committed, their inadequate care and treatment allegations should be addressed under the Due Process Clause, rather than the Cruel and Unusual Punishment or Double Jeopardy Clauses, of the U.S. Constitution.  *Id.*  Plaintiffs challenge that ruling in their motion for reconsideration.

According to Plaintiffs, SORTS is a prison disguised as a mental health facility, and its purpose is to punish, not treat.  Plaintiffs argue that the punitive nature of SORTS brings Plaintiffs' claims within the scope of the Cruel and Unusual Punishment and Double Jeopardy Clauses.

## **DISCUSSION**

A "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised

at any time before the entry of a judgment adjudicating all the claims[.]"). Thus, district courts have substantial discretion in ruling on motions for reconsideration. However, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Plaintiffs were committed to SORTS facilities under Missouri's sexually violent predator ("SVP") statute, Mo. Rev. Stat. 632.480 et seq. The Missouri Supreme Court has repeatedly held that "Missouri's SVP statute is civil in nature." *Elliott v. State*, 215 S.W.3d 88, 93 (Mo. 2007); *Holtcamp v. State*, 259 S.W.3d 537, 540 (Mo. 2008) ("The sexually violent predator law does not impose punishment, but rather is rehabilitative."); *In re Care and Treatment of Norton*, 123 S.W.3d 170, (Mo. 2003) (Wolff, J., concurring) (finding the Missouri SVP statutory scheme is civil in nature and "constitutional as written"). In doing so, these courts have reasoned that Missouri's SVP statute is "[f]or all relevant purposes" the "same" as the Kansas SVP statute, which was upheld by the United States Supreme Court in *Kansas v. Hendricks*, 521 U.S. 346 (1997) as a valid civil commitment statute. *Thomas v. State*, 74 S.W.3d 789, 790-91 (Mo. 2002); *see also Hendricks*, 521 U.S. at 361-69 (finding Kansas SVP statute civil in nature and therefore rejecting plaintiff's double jeopardy claim).

Plaintiffs do not challenge these rulings. Indeed, Plaintiffs concede that civil commitment statutes such as Missouri's SVP statute are valid "[s]o long as genuine treatment that affords a reasonable opportunity for release and honest, full disclosure periodic review are provided in good faith and with candor," and Plaintiffs do not contest

that Missouri's SVP statute, at least on its face, provides for these conditions. (Doc. No. 258 at 55.) But Plaintiffs seize on concurring opinions in the state and federal cases discussed above, which caution that if, in implementing an SVP statute, the state makes no "meaningful attempt to treat" civilly committed individuals and instead simply "warehouse[s]" these individuals "without treatment and without meaningful efforts to re-integrate them into society," the state SVP statute, as applied, would not withstand constitutional scrutiny. *Norton*, 123 S.W.3d at 176 (Wolff, J., concurring); *see also Hendricks*, 521 U.S. at 373 (Kennedy, J., concurring) ("On the record before us, the Kansas civil statute conforms to our precedents. If, however, civil confinement were to become a mechanism for retribution or general deterrence, . . . our precedents would not suffice to validate it."). Plaintiffs' complaint quotes extensively from these concurring opinions. *See, e.g.,* Doc. No. 258 at 48-49.

In line with these concurring Justices' warnings regarding the potential for unconstitutional implementation of facially a valid SVP statute, Plaintiffs argue that the "actual experience of the parties under [the Missouri SVP] system and the statute's implementation and application must define the Court's decision in this case." (Doc. No. 258 at 44.) Thus, Plaintiffs define "the key factual issue" in this case as "[w]hether the [Missouri SVP statute] is followed substantively and faithfully post commitment[.]" *Id.* at 40. Plaintiffs argue that it is not, because SORTS "does not offer a realistic opportunity to be cured, improve patients' condition or be released," and instead holds Plaintiffs "in penitentiary conditions that violate their constitutional rights." *Id.* at 53.

The Supreme Court has held that an SVP statute found to be civil in nature by the state's highest court is not subject to as-applied challenges under the Double Jeopardy or Ex Post Facto Clauses based on the state's implementation of the statute and its treatment, or lack thereof, of particular detainees. *Selig v. Young*, 531 U.S. 250, 267 (2001). In *Selig*, as in this case, the state SVP statute at issue had been found to be civil in nature by the state's highest court, a direct attack on that decision was not before the Court, and the state statute was, in any event, nearly identical to the SVP statute upheld in *Hendricks*. *Id.* at 264. Under these conditions, the Court held, "[t]he civil nature of [the] confinement scheme [could not] be altered based merely on vagaries in the implementation of the authorizing statute." *Id.* Therefore, the plaintiffs could not raise double jeopardy or ex post facto claims, which hinge on whether the statute at issue is civil or criminal in nature, based on the conditions of their confinement and treatment. *Id.* at 263.

By contrast, the *Selig* Court recognized that the conditions of confinement under a state SVP statute *could* give rise to a due process claim. *Id.* at 265 (holding that, in light of the civil nature of the SVP statute at issue, "due process requires that the conditions and duration of confinement under the Act bear some reasonable relation to the purpose for which persons are committed," including the purpose "to treat"). *Id.* at 265.

Likewise, numerous courts have held that claims regarding the constitutionality of a state's implementation of its civil commitment statutes, including claims nearly identical to Plaintiffs' claims in this case alleging that the conditions of confinement amount to punishment, fall within the scope of the Due Process Clause, not the Cruel and Unusual Punishment or Double Jeopardy Clauses. *See Youngberg v. Romeo*, 457 U.S. 307, 325

(1982) (holding that a claim regarding defendants' failure to provide a civilly committed individual with appropriate treatment was more properly analyzed under Due Process Clause of Fourteenth Amendment, and that the "jury was erroneously instructed on the assumption that the proper standard of liability was that of the Eighth Amendment"); *Bell v. Wolfish*, 441 U.S. 520, 539, 580-84 (1979) (holding that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law," and by showing "an expressed intent to punish on the part of detention facility officials," or "a restriction or condition [that] is not reasonably related to a legitimate goal" such that a punitive purpose may be inferred, a plaintiff may prevail on a due process claim); *Jones v. Blanas*, 393 F.3d 918, 932-33 (9th Cir. 2004) (noting that notwithstanding *Selig*'s holding that "a sexually violent predator law was not subject to as-applied Ex Post Facto and Double Jeopardy challenges based on the lack of treatment received by a particular detainee," such laws are subject to Due Process challenges when the conditions of commitment "amount to punishment"); *Karsjens v. Jesson*, 6 F. Supp. 3d 916, 927 (D. Minn. 2014) (holding that where "the heart of Plaintiffs' Complaint" was that "Minnesota's civil commitment scheme for sex offenders constitutes a punitive system of preventive detention," plaintiffs' claim properly fell under Due Process Clause of Fourteenth Amendment); *Aune v. Ludeman*, No. CIV 09-0015 JNE SRN, 2010 WL 145276, at *10 (D. Minn. Jan. 8, 2010) (granting defendants judgment on the pleadings on cruel and unusual punishment claims brought by persons civilly committed to the Minnesota Sex Offender Program, and holding that the Eighth Amendment does not apply).

In any event, as the Court specifically noted in its Memorandum and Order, the Due Process Clause affords the civilly committed Plaintiffs at least as great protection as the Cruel and Unusual Punishment and Double Jeopardy Clauses afford those criminally convicted. *See Youngberg*, 457 U.S. at 315 (recognizing that conditions that would amount to "cruel and unusual punishment" for convicted criminals under the Eighth Amendment necessarily violate the due process rights of "the involuntarily committed—who may not be punished at all"); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) ("Under the Fourteenth Amendment, civilly-committed persons, like pretrial detainees, are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment."); *Jones*, 393 F.3d at 932 (holding that under the Due Process Clause, "[a]t a bare minimum, . . . an individual detained under civil process—like an individual accused but not convicted of a crime—cannot be subjected to conditions that amount to punishment")(citation omitted); *Aune*, 2010 WL 145276, at *4 (holding that civilly committed patients' due process rights under the Fourteenth Amendment are "at least as extensive as the Eighth Amendment rights of the criminally institutionalized").

## **CONCLUSION**

For the reasons discussed above, and those stated in the Court's October 17, 2014 Memorandum and Order (Doc. No. 338), the Court finds that Plaintiffs' allegations regarding Defendants' implementation of the Missouri SVP statute, and the conditions of Plaintiffs' confinement thereunder, state valid due process claims, but not cruel and unusual punishment or double jeopardy claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.

(Doc. No. 345.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2015.