UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV00971 AGF |
| | ) | |
| KEITH SCHAFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant George Lombardi's motion (Doc. No. 347) for summary judgment. Plaintiffs in this class action are civilly committed residents of Missouri's Sex Offender Rehabilitation and Treatment Services ("SORTS") facilities. They assert claims against several state officials representing the Missouri Department of Mental Health ("DMH") and against Lombardi in his official capacity as Director of the Missouri Department of Corrections ("DOC"). The Court bifurcated the trial into two phases: liability and remedy. For the reasons set forth below, Lombardi's motion for summary judgment shall be granted in part, with respect to liability. However, the Court finds that Lombardi is a necessary party to the remedy phase.

# BACKGROUND

This class action raises claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., challenging (1) the care and treatment, or lack thereof, provided to individuals civilly committed to SORTS after being declared sexually violent predators ("SVPs") under Missouri's SVP statute, Mo. Rev. Stat. §

632.480 et seq.; and (2) the state's statutory scheme requiring reimbursement from SORTS residents for the cost of their allegedly inadequate care and treatment. Plaintiffs seek several forms of declaratory and injunctive relief, including but not limited to, dismantling and closing down SORTS, declaring Missouri's SVP statute unconstitutional as applied; and permanently enjoining the SVP civil commitment process, including enjoining the proceedings by which persons about to be released from the custody of DOC are detained and evaluated for civil commitment to SORTS.[1] *See* Doc. No. 258.

On July 8, 2014, Plaintiffs added Lombardi, solely in his official capacity, as a Defendant with regard to all aspects of this action. (Doc. Nos. 302 & 315.) This move came after the other Defendants, all DMH officials (the "DMH Defendants"), claimed that joinder of the DOC was necessary to accord any request for relief seeking to enjoin the civil commitment of detainees to SORTS. Specifically, the DMH Defendants argued that the DOC plays a key role in the civil commitment process under the SVP statute, in that the DOC provides notice to the Missouri Attorney General when a person being released from one of its facilities may meet the criteria of an SVP, and at least one representative of the DOC must participate in a multidisciplinary team charged with providing an assessment to the Attorney General regarding whether a person meets the definition of an SVP. *See* Doc. No. 293 at 14-15 (citing Mo. Rev. Stat. § 632.483.1). As the DMH Defendants explained, after receiving the multidisciplinary team's assessment, the Attorney General may file a petition with the probate court for the person's detention and evaluation, and if the court determines that the person meets the definition of an SVP, it must order the detention and

---

[1] Alternatively, Plaintiffs request that the Court order the DMH to reform the care and treatment provided to SORTS residents in order to comply with constitutional standards.

transport of the person to a secure facility in the custody of the DMH—in this case, SORTS. *See* Mo. Rev. Stat. § 632.484.1. Accordingly, the DMH Defendants argued that any form of relief seeking to enjoin the SVP civil commitment process would need to involve the DOC. Plaintiffs responded to this argument by adding Lombardi, in his official capacity as Director of the DOC, as a Defendant in this case.

On December 19, 2014, the Court granted Plaintiffs' uncontested motion to bifurcate the trial in this case by first conducting a trial on the question of whether Defendants are liable for the claims asserted by Plaintiffs, and if Plaintiffs prevail, then conducting a second trial on the question of what relief is appropriate. (Doc. No. 358.)

In his motion for summary judgment, Lombardi argues that neither he nor the DOC has any involvement in the treatment of SORTS residents or the reimbursement sought for that treatment, which are the sole bases of Plaintiffs' claims.[2] In support of his assertion that he is not involved in the actions at issue in this case, Lombardi attaches the affidavit of Matthew Sturm, who states that he has personal knowledge that Lombardi has taken no action, and is not responsible for, the treatment of Plaintiffs or the reimbursement sought from Plaintiffs. (Doc. No. 348-1.)

---

[2] Lombardi initially alleged that Plaintiffs' claims against him were barred by qualified immunity, but in his reply brief, Lombardi concedes that because Plaintiffs seek only injunctive and declaratory relief, rather than money damages, qualified immunity does not apply. Moreover, as this Court has already held, qualified immunity does not apply to governmental employees sued solely in their official capacities, as here. *See VanHorn v. Oelschlager*, 502 F.3d 775, 778-79 (8th Cir. 2007).

Plaintiffs do not dispute that only the DMH, not the DOC, is currently involved in the treatment of SORTS residents and the reimbursement sought for that treatment.[3] But Plaintiffs argue that the DOC has "authority" under the SVP statute to provide treatment and seek reimbursement, and that the DOC is also authorized to enter into "interagency agreements" with the DMH for the confinement of SVPs and for the supervision of persons conditionally released from civil commitment. *See* Mo. Rev. Stat. §§ 632.480(1) (defining "agency with jurisdiction" under the SVP statute as "the department of corrections *or* the department of mental health") (emphasis added); 632.495.4 (authorizing contract agreements between DMH and county jails for confinement of SVPs); 632.505.2 (authorizing interagency agreements between DMH and DOC for supervision of conditionally released persons). Plaintiffs contend that this authority may implicate the DOC in Plaintiffs' claims. However, Plaintiffs concede they have no evidence that the DOC has actually entered into any interagency agreement with the DMH, or that the DOC has ever exercised any authority to participate in treatment or reimbursement.

Next, Plaintiffs argue that the DOC's general involvement in the civil commitment process may also give rise to liability. Plaintiffs note that the DOC is involved in the initiation of the civil commitment process, from the time of an inmate's release from DOC custody to the time when the Attorney General determines whether to petition the court for an SVP finding.

---

[3] Plaintiffs object to Sturm's affidavit on the ground that it lacks foundation establishing Sturm's personal knowledge of the facts contained therein. However, Plaintiffs concede that the DOC is not currently involved in treatment or reimbursement.

Finally, Plaintiffs argue that, according to the Defendants' own arguments, Lombardi is a necessary party to afford the complete relief requested by Plaintiffs.

## **DISCUSSION**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citation omitted). "The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1011 (8th Cir. 2012) (citation omitted).

"[A] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013) (citation omitted). Therefore, the real party in interest in Plaintiffs' official capacity claims against Lombardi is the DOC, not Lombardi individually. *See Richardson v. Berti*, No. 4:12CV543CDP, 2014 WL 2208078, at *3 (E.D. Mo. May 28, 2014).

The first question in any case alleging liability of a public entity under § 1983 is whether there is a "direct causal link" between the entity's actions, policies, or customs and the alleged constitutional deprivation. *Alexander*, 718 F.3d at 766. In other words, the DOC's liability under § 1983 is limited to those acts for which it is "actually responsible." *Richardson*, 2014 WL 2208078, at *3; *see also Nix v. Norman*, 879 F.2d 429, 433 (8th Cir.

1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."). Similarly, a key question in an ADA claim against a public entity is whether the entity discriminated against, excluded, or denied benefits to Plaintiffs. *See* 42 U.S.C. § 12132.

Plaintiffs concede that the DOC has not engaged in any action directly causing the alleged constitutional and statutory violations in this case regarding treatment and reimbursement. Plaintiffs' evidence that the DOC had "authority" to participate in treatment and reimbursement, without evidence that the DOC exercised this authority, is insufficient to establish liability against the DOC under either § 1983 or the ADA. *See Nix*, 879 F.2d at 433; 42 U.S.C. § 12132.

Likewise, Plaintiffs' evidence regarding the DOC's involvement in the initiation of the civil commitment process fails to give rise to liability. Plaintiffs do not claim that the process by which they are committed to SORTS is unconstitutional. Rather, they claim that the treatment, or lack of treatment, received *post-commitment* renders the SVP statute unconstitutional as applied. Because Plaintiffs concede that the DOC is not currently involved in implementing the SVP statute post-commitment, their claims against Lombardi fail as a matter of law. Therefore, the Court will grant Lombardi summary judgment on Plaintiffs' claims with respect to liability.

But, as Plaintiffs correctly note, Lombardi may be a necessary party at the remedy phase of the case. Under Federal Rule of Civil Procedure 19(a)(1)(A), a necessary party

includes a person in whose absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 746-47 (8th Cir. 2001) (considering under Rule 19 whether "the district court could . . . possibly craft an effective judgment in favor of the Tribe if the government would not be bound by that judgment due to its non-joinder"); *Solis v. Webb,* 931 F. Supp. 2d 936, 956-57 (N.D. Cal. 2012) (holding in the ERISA context that even though an employee stock ownership plan could not be sued for breach of fiduciary duty, the plan may be joined in order to obtain the complete relief sought).

The DMH Defendants have previously argued to this Court that if Plaintiffs succeed in proving liability, the Court cannot accord the complete relief sought by Plaintiffs, including an injunction to stop the SVP civil commitment process, without joinder of the DOC. Therefore, the Court will deny Lombardi's motion for summary judgment to the extent it relates to the remedy phase of this case.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant George Lombardi's motion for summary judgment is **GRANTED in part**, with respect to the liability phase of this case. (Doc. No. 347.)

**IT IS FURTHER ORDERED** that Defendant George Lombardi shall remain a party with respect to the remedy phase of this case.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2015.