UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-cv-00971-AGF |
| | ) | |
| KEITH SCHAFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT
AT THE CLOSE OF PLAINTIFFS' EVIDENCE
AND SUGGESTIONS IN SUPPORT**

Defendants Keith Schafer, Melissa Ring, Mark Stringer, Harold Myers, Alan Blake, Julie Inman, Jay Englehart, Justin Arnett, Rick Gowdy, Joseph Parks, Robert Reitz, Linda Moll, Damon Longworth, Donna Augustine, Marty Martin-Forman, Ian Fluger, Sherry Lee, Erika Kempker, and Kristina Bender-Crice ("Defendants"), by and through undersigned counsel, respectfully move for judgment at this close of Plaintiffs' case pursuant to Fed.R.Civ.P. 52(c).

**I. STANDARD OF REVIEW**

In a bench trial, a motion for judgment at the close of Plaintiffs' evidence is governed by Fed.R.Civ.P. 52(c). The district court is authorized to enter judgment at any time a party has been heard fully on an issue and the court can make an appropriate disposition on the evidence. *Nieto v. Kapoor*,

268 F.3d 1208, 1217 (10th Cir. 2001). Fed.R.Civ.P. 52(c) provides:

> If a party has been fully heard on an issue during a nonjury trial and the court find against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

The district court must make credibility determinations and findings of fact under both Rules 52(a) and 52(c). *Bowen v. Celotex Corp.*, 292 F.3d 565, 566 (8th Cir. 2002).

## II.   ARGUMENT

### A. Care and treatment claim.

Plaintiffs have failed to make a submissible case regarding the care and treatment they receive from Defendants at the Sexual Offender Rehabilitation and Treatment Services ("SORTS") facilities in Missouri. Plaintiffs have not set forth any evidence to show that the care and treatment at SORTS is conscience-shocking. *Strutton v. Meade*, 668 F.3d 549, 558 (8th Cir. 2012), or that the historical evidence they adduced is relevant to the care and treatment being delivered currently.

Plaintiffs have argued to this court: (1) no one has been discharged from SORTS since it opened in 1999; (2) there was a budget crisis in the past that Plaintiffs believe persists causing understaffing and inadequate services;

2

and (3) several individual Plaintiffs that had specific physical issues (age, infirmity, deafness) were not provided with individualized care.

Plaintiffs' assertion that no one has been discharged does not indicate that the care and treatment Plaintiffs receive is inadequate. Evidence has already been adduced that the treatment Plaintiffs receive is within the applicable standard of care for sexually violent predators. (Deposition of Jay Englehart, M.D., Page 89, Line 16 to Page 91, Line 13; Page 169, Lines 16 to 18; Page 204, Line 20 to Page 205, Line 12).

Plaintiffs acknowledge that there are individuals that have been conditionally released and that one of the conditions set by the court is to live at the SORTS facility. (Testimony of Susan Elliott regarding T. Donaldson; Testimony of Chelsea Mitchel regarding J. Fennewald) Nothing about this shocks the conscience in regard to care and treatment. The evidence that Plaintiffs provided was that the conditionally released individuals were present at the hearings at which the conditional releases were set; the conditional plan was, according to statute, provided by the Department of Mental Health; and Plaintiffs did not object to the conditions in front of the court.

Plaintiffs evidence in regard to aged and infirm clients demonstrates that Defendants are doing everything within in their power to care for and, in at least one case, to attempt to find alternate living arrangements for the

critically ill who are unable to participate in treatment. Plaintiffs' evidence showed only that a non-party has objected to conditional releases for someone who Defendants believed required skilled nursing care. Again, this does not shock the conscience. The Defendants named in the Fifth Amended Complaint cannot be held responsible for the actions of a non-party in a different state agency.

Numerous e-mails and other documents in regard to budget information from 2007 through 2011 do not show that there is a current budget crisis, that the facilities are understaffed, or that the SORTS facilities are not within hospital guidelines.

Plaintiffs put on evidence in regard to a very small number of Plaintiffs who are deaf. This is, however, a class action suit. Plaintiffs' own witness, Chelsea Mitchell, testified that her client Michael Sohn is "the only one in his position." Mr. Sohn is not representative of the constitutionally required care and treatment that Defendants must provide to the class of Plaintiffs as identified in this Court's order certifying the class. [Doc. #197]

Taken in its entirety, Plaintiffs' evidence fails to demonstrate that there is a lack of care and treatment that shocks the conscience. Accordingly, Defendants respectfully request that this Court enter judgment in favor of Defendants at the close of Plaintiffs' case in chief.

**B. Reimbursement claim.**

Plaintiffs have similarly failed to produce any evidence to support their claim challenging Defendants' reimbursement efforts. Substantive due process "protects individuals against two types of government action": action that "shocks the conscience," and action that "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987)(citations omitted); see also Strutton v. Meade, 668 F.3d 549, 557-58 (8th Cir. 2012) (holding that although there is no "fundamental due process right to sex offender treatment,"substantive due process requires courts to consider "whether the state action . . . was so arbitrary or egregious as to shock the conscience"). Plaintiffs have alleged that it is conscience shocking, that Defendants charge SORTS residents for their treatment.

Plaintiffs have simply offered no evidence regarding any efforts by Defendants to charge them for their care. In this total absence of evidence, judgment in Defendants favor is appropriate.

    Respectfully submitted,

    **CHRIS KOSTER**
    Attorney General

    /s/ *Katherine S. Walsh*
    Katherine S. Walsh, #37255MO
    Philip Sholtz, #57375MO
    Mary Delworth-Morris, #60912MO
    Joseph P. Dandurand, #28674MO
    Office of the Attorney General
    Old Post Office Building
    P.O. Box 861
    St. Louis, MO 63188
    Tel:   (314) 340-7861
    Fax:  (314) 340-7029
    katherine.walsh@ago.mo.gov
    philip.sholtz@ago.mo.gov
    mary.morris@ago.mo.gov
    joseph.dandurand@ago.mo.gov

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 28th day of April, 2015, the foregoing was filed with the Clerk of the Court using the ECF system and that electronic notification of the filing was sent to:

Eric M. Selig
ROSENBLUM, SCHWARTZ, ROGERS & GLASS, P.C.
120 South Central Ave., Suite 130
St. Louis, MO 63105
Tel:   (314) 862-4332
Fax:  (314) 862-8050
eselig@rsrflaw.com

Daniel O'Toole
Christopher R. LaRose
John H. Quinn
Scott Kozak
Ronnie L. White, II
ARMSTRONG TEASDALE LLP
7700 Forsyth, Suite 1800
St. Louis, MO 63105
Tel:   (314) 621-5070
Fax:  (314) 621-5065
dotoole@armstrongteasdale.com
clarose@armstrongteasdale.com
jquinn@armstrongteasdale.com
skozak@armstrongteasdale.com
rwhite@armstrongteasdale.com

Anthony E. Rothert
454 Whittier Street
St. Louis, MO 63108
Tel:   (314) 652-3111
tony@aclu-em.org

Susan S. Kister
ATTORNEY AT LAW
6221 Northwood Ave.
St. Louis, MO 63105
Tel:   (314) 616-0311
Fax:  (314) 240-5311
skister@kisterlaw.com

*Attorneys for Plaintiffs*

/s/ *Katherine S. Walsh*