# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV00971 AGF |
| | ) | |
| KEITH SCHAFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' motions (Doc. Nos. 472 & 473) to reconsider the Court's Memorandum Opinion ("Opinion") dated September 11, 2015, which was issued following a bench trial on the first phase of this case—the liability phase. Both sides argue that the Court's Opinion should be clarified or reconsidered in part. After fully reviewing the record and the parties' arguments, the Court will grant in part and deny in part both motions.

## BACKGROUND

Plaintiffs are civilly committed residents of the Missouri Department of Mental Health's ("DMH") Sex Offender Rehabilitation and Treatment Services ("SORTS") facilities, who have been declared sexually violent predators ("SVP") under Missouri's SVP Act, Mo. Rev. Stat. §§ 632.480–632.525. In their Fifth Amended Complaint, Plaintiffs asserted that the SVP Act is unconstitutional as written and as applied to SORTS, and that the reimbursement sought by the state from SORTS residents is also unconstitutional. The Court granted Plaintiffs' uncontested motion to bifurcate the case into separate trial

proceedings on liability and remedies. An eight-day bench trial solely on the issue of liability was held beginning on April 21, 2015. Following the bench trial, the Court issued the Opinion, which contained extensive findings of fact and which ultimately concluded that the SVP Act was unconstitutional as applied in certain narrowly-defined respects.

The parties now seek reconsideration or clarification of some of the Opinion's findings. Plaintiffs request clarification of three points. First, on page four of the Opinion, the Court noted that "Plaintiffs do not challenge their initial commitment." (Doc. No. 467 at 4.) Plaintiffs request that the Court add the words "in this lawsuit" to this sentence. Defendants do not object to this request.

Second, on page 46 of the Opinion, the Court concluded: "Thus, Plaintiffs are correct that the Due Process Clause permits civil commitment of individuals under the SVP Act only so long as they suffer from a mental abnormality *and* are likely to commit a sexual offense if released." *Id.* at 46. Plaintiffs ask that the Court change this language to mirror the standard for commitment under the SVP Act, which references "acts of sexual violence" rather than "sexual offenses." Mo. Rev. Stat. § 632.498.5(4). Plaintiffs note that there is a legally significant difference between the terms "sexual offense" and "acts of sexual violence." Defendants disagree.

Third, on pages 51-52 of the Opinion, the Court concluded that "although SORTS continues to struggle with recruitment and funding, the evidence established that SORTS has in the last year managed to adequately staff all treatment groups and to reduce treatment group cancelations dramatically." (Doc. No. 467 at 51-52.) Plaintiffs request that the Court "include a finding that the 'struggle' with recruitment and funding [at SORTS] is ongoing

and may require further examination or oversight." (Doc. No. 472 at 2.) Defendants oppose this request and argue that the evidence at trial clearly supported the Court's finding.

Defendants have also filed a motion for reconsideration. Defendants request that the Court reconsider its conclusion that the SVP Act imposes extra procedural hurdles for petitions for release filed without the authorization of the director of the DMH, as compared to petitions filed with director authorization. The Court held that unauthorized petitions are subject to a frivolity review and may be denied without a hearing. *See* Doc. No. 467 at 12 (citing Mo. Rev. Stat. § 632.504). Further, the Court found that if an unauthorized petition has been found to be frivolous or has been previously denied, the trial court must deny any subsequent petition "unless the petition contains facts upon which a court could find the condition of the petitioner had so changed that a hearing was warranted." *Id.* Finally, the Court found that, even if unauthorized petitions survive the frivolity review, they are subject to a preliminary hearing, at which the petitioner has the burden to demonstrate by a "preponderance of the evidence," that he "no longer suffers from a mental abnormality that makes [him] likely to engage in acts of sexual violence if released." *Id.* at 13 (quoting Mo. Rev. Stat. § 632.498.4). The Court held that only if a petitioner can make this preliminary showing will the case proceed to trial, at which the burden of proof then switches to the state to show by clear and convincing evidence that the person is not entitled to release.

Although Defendants concede that unauthorized petitions are subject to a frivolity review, they argue that this review is akin to the screening of 42 U.S.C. § 1983 claims, pursuant to 28 U.S.C. § 1915A. Moreover, Defendants argue that, other than the frivolity review, the SVP Act's requirements for unauthorized release petitions are the same as those

for authorized petitions. Specifically, Defendants argue that both types of petitions are subject to a preliminary preponderance hearing. Plaintiffs respond that both the language of the statute and the evidence at trial support the Court's conclusion that unauthorized petitions are subject to more procedural requirements than authorized petitions under the SVP Act, and that one of these additional requirements is the preponderance hearing.

## **DISCUSSION**

As noted above, the Court bifurcated this case into separate trial proceedings for liability and remedies, and the Opinion dealt only with the first phase of liability. As such, it was not a final order. *See Patterson v. City of Omaha*, 779 F.3d 795, 800 (8th Cir. 2015) (holding that "[t]he district court's bifurcation of issues into separate trial proceedings did *not* create two separate actions, but merely separated the action into two separate phases" and that judgment entered after the first phase was not a final decision).

A "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims[.]"). District courts have substantial discretion in ruling on motions for reconsideration. However, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted). "A motion for reconsideration is also not the

appropriate place to tender new legal theories for the first time." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citation omitted).

**Plaintiffs' Motion for Clarification**

The Court will grant Plaintiffs' motion as to Plaintiffs' first two points. Regarding the first point, in noting that Plaintiffs do not challenge their initial commitment, the Court intended to convey that initial commitment was not at issue in this lawsuit. Therefore, the Court will amend the first sentence of footnote two, on page four of the Opinion, to state: "In this lawsuit, Plaintiffs do not challenge their initial commitment."

Regarding the second point, the Court agrees that there is a distinction between sexual offenses and acts of sexual violence, and that the purpose of the SVP Act is to protect against the latter. *See In re Care & Treatment of Coffman*, 225 S.W.3d 439, 445 (Mo. 2007) (finding that the purpose for which individuals are involuntarily committed under the SVP Act is to "protect[] society from persons who are likely to commit future sexually violent crimes if not committed"). As the Court previously held, the Due Process Clause requires that the nature and duration of commitment bear some reasonable relation to this purpose. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Therefore, the Court will amend its conclusion on page 46 of the Opinion to state: "Thus, Plaintiffs are correct that the Due Process Clause permits civil commitment of individuals under the SVP Act only so long as they suffer from a mental abnormality *and* are likely to commit an act of sexual violence if released."

However, the Court will deny Plaintiffs' final request to include a finding that the "struggle" with recruitment and funding at SORTS is ongoing and may require further

examination or oversight. The Court's finding on pages 51-52 of the Opinion already reflects that "SORTS *continues to* struggle with recruitment and funding." (Doc. No. 467 at 51) (emphasis added.) But the question in this case was whether such deficiencies rendered treatment modalities at SORTS unconstitutional. The Court found that they did not, and Plaintiffs have not convinced the Court otherwise. Therefore, the Court finds no basis upon which to order further examination or oversight of recruitment and funding issues in this respect.

**Defendants' Motion for Reconsideration**

The Court will grant Defendants' motion in part. The Missouri Supreme Court once described the SVP Act's separate tracks for authorized and unauthorized release petitions as follows:

> There are two methods by which a sexually violent predator can obtain release after he has been committed. First, if the director of the department of mental health determines "that the person's mental abnormality has so changed that the person is not likely to commit acts of sexual violence if released," then the director must authorize the person to petition the court for release. Section 632.501. The circuit court then holds a hearing where the state has the burden to show that the petitioner should not be released. *Id.*
>
> Second, if the department of mental health does not conclude that the sexually violent predator should be released, he is nevertheless free to petition for his release at any time. Section 632.498. . . . Under the 2000 version of the statute, the circuit court was required to set a hearing on the petition unless the petition is frivolous, and, if the court determined that there was probable cause to believe that the person should be released, then a trial was to be held. At this trial, which may be by jury, the state had the burden to prove beyond a reasonable doubt that the person should not be released. Thus, the 2000 statute provided a two-part test: first, the committed person must show probable cause why he should be released; second, the state must show beyond a reasonable doubt why he should not.

> Section 632.498 was amended in 2004. The amendment raises the initial showing that must be made by the sexually violent predator from "probable cause" to a "preponderance of the evidence."

*Coffman*, 225 S.W.3d at 443; *see also Care & Treatment of Schottel v. State*, 159 S.W.3d 836, 839 (Mo. 2005) (holding that if the director determines that a person qualifies for release, the court holds a hearing at which the burden is on the state to prove otherwise, but that "if the director does not determine that the person qualifies for release, then a different process ensues," in which the court must hold a "preliminary probable cause hearing" before setting a second hearing at which the burden switches to the state).

But as Defendants correctly note, the SVP Act was amended again in 2006. The 2006 amendments changed the burden of proof on the state from "beyond a reasonable doubt" to "clear and convincing evidence." 2006 Mo. Legis. Serv. H.B. 1290. The amendments also changed the provision governing director-authorized release petitions, § 632.501, to add that "[t]he hearing and trial, if any" on such petitions "shall be conducted according to the provisions of section 632.498." Mo. Rev. Stat. § 632.501. Section 632.498, in turn, contains several provisions: one requiring annual review of the committed person's mental condition (§ 632.498.1); one authorizing persons to petition for release over the director's objection (§ 632.498.2); one describing service requirements for petitions filed over the director's objection (§ 632.498.3); one describing the committed person's rights at the preponderance hearing (§ 632.498.4); and one setting forth the requirements for a trial at which the state bears the burden of proof (§ 632.498.5).

The Court agrees with Defendants that the 2006 amendment to § 632.501 appears to incorporate both the preponderance hearing and trial provisions of § 632.498. But it is not

clear what effect the phrase "if any," in § 632.501, has on these requirements. Plaintiffs suggest that the phrase means that a hearing or trial need not be held, perhaps based on the assumption that the state would not insist on a hearing and trial for director-authorized petitions. And Plaintiffs presented several witnesses at the bench trial in this case, who testified that director authorization streamlines the process to petition for release by cutting short the hearing requirements. Defendants never rebutted this evidence or even cross-examined Plaintiffs' witnesses on this issue. Rather, Defendants' own expert admitted that director authorization would fast-track the process to petition for release. And because the director of the DMH has not authorized a single person committed under the SVP Act to petition for release, there was no evidence as to the actual experience of authorized petitioners.

However, to avoid the implication that director-authorization petitions are never subject to a preponderance hearing, the Court will amend pages 12 through 13 of its Opinion to track the language of the SVP Act, as amended. Specifically, the Court will first outline the SVP Act's procedures for release petitions filed without director authorization, as stated in §§ 632.504 and 632.498. The Court will then clarify that, under § 632.501, the "hearing and trial, if any" for release petitions filed with director authorization "shall be conducted according to the provisions of section 632.498."

Except as stated above, the Court will deny Defendants' motion to reconsider. Separate and apart from the preponderance hearing requirement, it is undisputed that, as stated in the Opinion, the SVP Act imposes extra procedural hurdles for release petitions filed without director authorization. Defendants concede that unauthorized release petitions

are reviewed for frivolity and denied without a hearing if frivolous. This is not merely akin to the frivolity review of 42 U.S.C. § 1983 claims, as Defendants contend. Rather, the SVP Act also requires that if an unauthorized release petition has been previously denied, "the court shall deny the subsequent petition unless the petition contains facts upon which a court could find the condition of the petitioner had so changed that a hearing was warranted." Mo. Rev. Stat. § 632.504. Therefore, the Court will not reconsider its conclusion in the Opinion that release petitions filed without director authorization are subject to more procedural hurdles than those filed with authorization.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for clarification and Defendants' motion for reconsideration are both **GRANTED in part** and **DENIED in part**, as set forth above. (Doc. Nos. 472 & 473.) The Court will issue a separate Amended Memorandum Opinion.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2015.