UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV00971 AGF |
| | ) | |
| KEITH SCHAFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' joint motion (Doc. No. 526) to approve and direct notice to the certified class of the parties' proposed settlement regarding remedies.[1] The Court held a status conference on this motion on May 25, 2016. Shortly before the status conference, the Court learned that class counsel and the class representatives disagreed about whether the proposed settlement was in the best interest of the class. Lead class counsel, Eric Selig, and all supporting class counsel except one attorney (John H. Quinn) informed the Court that they believed the proposed settlement was fair, reasonable, and adequate, and should proceed to a fairness hearing.[2] However, Mr. Quinn objected to the settlement, ultimately on behalf of all of the class representatives.

---

[1] At the parties' request, the Court bifurcated trial in this case into two phases: liability and remedies. After a bench trial on liability, the Court found that Defendants were liable on some but not all of Plaintiffs' claims. The parties' proposed settlement addresses remedies for the claims on which the Court found Defendants liable.

[2] At the status conference and in light of the disagreement among class counsel, Mr. Selig also made an oral motion to withdraw as lead class counsel in this case. The Court deferred ruling on the oral motion until it considered the matter.

Before lead class counsel filed the joint motion to approve and direct notice of the proposed settlement to the class, at least one class representative had expressed approval of the proposed settlement. However, that class representative later changed his mind, and at the time of the status conference in this case, all class representatives were opposed to the proposed settlement. The class representatives also, by letter to class counsel, expressed their desire that Mr. Quinn represent them in objecting to the proposed settlement.

At the May 25 status conference, Mr. Quinn expressed a desire to file a short brief regarding whether class counsel had authority to enter the proposed settlement, whether the Court should schedule a fairness hearing, and if so, the proper role going forward for any class counsel who objected to the proposed settlement; and the Court set a deadline for that brief. The Court also permitted any other counsel of record to respond to Mr. Quinn's brief within one week.

Mr. Quinn has submitted a brief arguing that the motion to approve the proposed settlement notice should be denied but suggesting that, if the proposed settlement proceeds to a fairness hearing, class counsel opposed to the proposed settlement (i.e., Mr. Quinn) should be permitted to represent any objecting class members, including the class representatives. Lead class counsel and Defendants have responded to Mr. Quinn's brief, arguing that the proposed settlement is authorized and should proceed to a fairness hearing. Lead class counsel also agrees that the Court may appoint Mr. Quinn as counsel for the objecting class representatives

Upon review of the parties' submissions and for the reasons stated below, the Court is inclined to grant the parties' joint motion to approve and direct notice to the certified class

of the proposed settlement. However, the Court will ask the parties to confer and attempt to reach agreement with respect to any changes to the proposed notice that may be necessary in light of this Order. Following any necessary revision to the proposed notice, the Court will grant the parties' joint motion to approve and direct notice to the certified class of the proposed settlement, and will schedule a fairness hearing on the proposed settlement. The Court will also appoint Mr. Quinn to represent the objecting class representatives, and any other objecting class members who wish to be represented by him, at the fairness hearing.

## **DISCUSSION**

"Inherent in any class action is the potential for conflicting interests among the class representatives, class counsel, and absent class members." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995). But "[t]he ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court." *Id.* Thus, where there is a dispute between class counsel and the class representatives, or among class counsel, as to the course to be followed, including with regard to settlement, the decision "cannot rest entirely with either the named plaintiffs or with class counsel." *Pettway v. Am.Cast Iron Pipe Co.,* 576 F.2d 1157, 1177 (5th Cir. 1978). The decision must be left to the district court, which must consider the best interests of the class as a whole. *Maywalt*, 67 F.3d at 1077; *see also* Manual for Complex Litigation (Fourth) §§ 21.641, 21.642 (noting that, although class counsel must "discuss with class representatives the terms of any settlement offered to the class," neither class counsel nor class representatives have "veto power" over settlement of class actions).

A district court may approve a class action settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A settlement can be fair notwithstanding a large number of objectors and even when all named plaintiffs oppose the settlement. *See Marshall v. Nat'l Football League*, 787 F.3d 502, 513 (8th Cir. 2015) (citing *Elliott v. Sperry Rand Corp.*, 680 F.2d 1225, 1226–27 (8th Cir. 1982) (finding no abuse of discretion in district court's approval of class action settlement even though both named plaintiffs and 790 of approximately 3,000 members objected to it)). In evaluating the fairness of a settlement, "the court should take into account not only the presentations of counsel but also information from other sources, such as comments from class representatives and class members, presentations by objections, [and] the court's own knowledge of the case . . . ." Manual for Complex Litigation (Fourth) § 21.641.

The Court believes that the best course of action to protect the interests of the class as a whole is to provide notice and a copy of the proposed settlement to the class and to schedule a fairness hearing at which the presentations of counsel and any objections may be heard fully and on the record. However, the Court agrees with Mr. Quinn and lead class counsel that any objecting class representatives should be separately represented at such hearing. *See, e.g.*, *Elliott*, 680 F.2d at 1226 (affirming approval of class action settlement over objections of the class representatives where the district court held a fairness hearing, objections were heard on the record, and the objecting class representatives were represented by separately retained counsel); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1174 (4th Cir. 1975) (same).

The Court also agrees that Mr. Quinn may represent the objecting class representatives, and any other objecting class members who wish to be represented by him,[3] at the fairness hearing. "[T]he traditional rules that have been developed in the course of attorneys' representation of the interests of clients outside of the class action context should not be mechanically applied to the problems that arise in the settlement of class action litigation." *In re Agent Orange Prod. Liab. Litig.*, 800 F.2d 14, 19 (2d Cir. 1986). Rather, in deciding whether attorneys who have represented the class may thereafter represent only a faction of the class opposed to a proposed class settlement, the Court must "balanc[e] the interests of the various groups of class members and of the interest of the public and the court in achieving a just and expeditious resolution of the dispute." *Id.* Relevant considerations include prejudice to the parties, the ease with which class members could obtain new counsel, the factual and legal complexity of the case, and the time that it would take new counsel to familiarize himself with the proceedings. *Id.* Given the complexity of the factual and legal issues in this case, the time it would take new counsel to familiarize himself with the proceedings, which have continued over the course of seven years, and the absence of any prejudice identified by the parties, the Court believes that Mr. Quinn should be appointed to represent the objecting class representatives and any other objecting class members who wish to be represented by him.

## **CONCLUSION**

For the reasons set forth above,

---

[3] The parties may desire to revise the proposed class notice to reflect that objecting class members are free to retain their own counsel or to request to be represented by Mr. Quinn.

**IT IS HEREBY ORDERED** that the parties shall confer and attempt to reach agreement with respect to any changes to the proposed class notice that may be necessary in light of this Order, and on or before **July 21, 2016**, shall file a copy of their proposed revised class notice or, if they cannot reach agreement, their respective positions. Following review and approval of the class notice, the Court will grant the parties' joint motion to approve and direct notice to the certified class of the proposed settlement, and will schedule a fairness hearing on the proposed settlement.

**IT IS FURTHER ORDERED** that John H. Quinn, III is appointed as counsel to represent the class representatives who object to the proposed settlement and any other class members who object to the proposed settlement and wish to be represented by Mr. Quinn.

**IT IS FURTHER ORDERED** that Eric Selig's oral motion to withdraw as lead class counsel is **DENIED without prejudice**.

                                                 *Audrey G. Fleissig*
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2016.