UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN VAN ORDEN, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:09CV00971 AGF |
| JEFF STRINGER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This class action is before the Court on Plaintiffs' motion (ECF No. 759) to compel responses to two of Plaintiffs' supplemental interrogatories issued to Defendants during this remedial phase of the case.[1] These supplemental interrogatories relate to (1) the supervision and monitoring of persons who have been granted conditional release under Missouri's Sexually Violent Predator ("SVP") statute, Mo. Rev. Stat. § 632.505, and have been or are being reintegrated into the community, and (2) the treatment of residents in Missouri's Sex Offender Rehabilitation and Treatment Services ("SORTS") facilities who are intellectually or developmentally disabled.

Defendants oppose the motion, arguing that the information sought is outside the scope of the Court's liability findings and therefore irrelevant to this remedial phase of the case. Plaintiffs respond that the topics noted in the supplemental

---

[1] The Court already held a trial on liability and concluded that Plaintiffs established classwide liability in certain limited and discrete respects.

interrogatories relate to the overarching issue of successful treatment and release of SORTS residents, which is at the core of this litigation and which Defendants claim to have taken initiatives to address.[2]

As Plaintiffs acknowledge, at the time of the liability trial in this case, there was no evidence regarding the treatment of persons who had been granted conditional release and were being reintegrated into the community because no such persons existed at that time. Therefore, the Court did not find (and could not have found) classwide liability with regard to the treatment of such persons. Likewise, the Court did not find liability with respect to treatment of intellectually or developmentally disabled SORTS residents in particular; nor did Plaintiffs request (or the Court order) that a subclass be created to address these residents' unique claims. In short, the issues addressed in these disputed supplemental interrogatories simply were not the focus of this lawsuit.

Upon careful review of the parties' arguments and the Court's liability findings, and in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26(b), which require the Court to balance the significance of the discovery to the issues in the case against the burden of production, the Court will not order Defendants to produce the information sought here.

Accordingly,

---

[2] According to Plaintiffs, Defendants have disclosed an expert witness for the remedies phase whose opinions relate largely to various initiatives and changes that Defendants have implemented, or plan to implement, in order to address the program deficiencies noted in the Court's liability opinion.

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel is **DENIED**.

(ECF No. 759.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2017.

3