# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VAN ORDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV00971 AGF |
| | ) | |
| JEFF STRINGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 794) to alter or amend the Court's July 6, 2017 Memorandum and Order and Judgment, in order to dismiss without prejudice "Plaintiffs' substantive due process claims under the Missouri Constitution," which Plaintiffs assert were pleaded in their 130-page Fifth Amended Complaint but not addressed either in the Court's September 11, 2015 Memorandum Opinion issued following a bench trial on liability, or its July 6, 2017 Memorandum and Order reconsidering that opinion and granting judgment in favor of Defendants on all of Plaintiffs' claims.

Without recounting the extensive procedural history of this case, the Court notes that, although Plaintiffs' Fifth Amended Complaint referenced the Due Process Clauses of the United States and Missouri Constitutions, both parties focused almost exclusively on the federal due process claims at trial and in their pre-trial and post-trial briefing. Moreover, Plaintiffs never suggested that the Court's bench trial opinion on liability was missing relevant analysis under the Missouri Constitution until they filed the instant motion, nearly two years after the Court issued its opinion, and despite having multiple opportunities to do

so since then.[1]   At the latest, Plaintiffs should have raised the issue in March 2017, when the Court alerted the parties that it would be determining whether to reconsider its bench trial opinion with respect to Plaintiffs' substantive due process claims, in light of the Eighth Circuit's opinion in *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017), and invited the parties to file relevant briefs.  But Plaintiffs did not do so, in any of the three briefs they filed.  Accordingly, the Court will not permit them to do so now.   *See, e.g., Pilepro, LLC v. Chang*, 152 F. Supp. 3d 659, 674 n.17 (W.D. Tex. 2016) (declining to consider a claim that the plaintiffs abandoned by failing to include it in their trial briefing), *aff'd sub nom. PilePro, L.L.C. v. Heindl*, 676 F. App'x 341 (5th Cir. 2017); *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) ("Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended.").

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to alter or amend the judgment is **DENIED**.   ECF No. 794.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2017.

---

[1]   Indeed, Plaintiffs filed a motion for clarification on other grounds.