# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN VAN ORDEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:09CV00971 AGF |
| ) | |
| JEFF STRINGER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 791) of the law firm Armstrong Teasdale LLP ("AT") for $3,504,047.88 in attorney's fees and $423,410.46 in costs. Attorney Richard B. Scherrer from AT was appointed by the Court beginning on September 2, 2009,[1] to represent Plaintiffs in this class action challenging the care and treatment provided to civilly committed residents of the Missouri Department of Mental Health's ("DMH") Sex Offender Rehabilitation and Treatment Services ("SORTS") facilities. Scherrer withdrew as lead counsel in January 2014 for medical reasons, and at his request, the Court at that time appointed Eric M. Selig from Rosenblum Schwartz, P.C. as new lead counsel for Plaintiffs, with the understanding that other attorneys from AT would remain as co-counsel, but only in a supporting role. Attorneys from the American Civil

---

[1] At that time, the case was before the Honorable Jean C. Hamilton. The case was transferred to the undersigned on September 13, 2010.

Liberties Union of Eastern Missouri also entered and remained co-counsel of record for Plaintiffs.[2]

However, AT apparently elected to increase its role over the course of litigation, and an attorney from AT, John H. Quinn, III took a co-lead role at the April 2015 bench trial in the liability phase of this case.[3] Although the Court's Memorandum Opinion after that trial ruled in favor of Plaintiffs on some liability issues, the Court later vacated that ruling based on the United States Court of Appeals for the Eighth Circuit's decision in *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017). The Court entered judgment in favor of Defendants on July 6, 2017.

AT acknowledges that Plaintiffs were not prevailing parties in this litigation. However, AT argues that the Court should nevertheless award the fees and costs requested because (1) under Missouri law, which AT argues should apply because Plaintiffs pleaded both federal and pendant state law constitutional claims, attorneys' fees are recoverable when a successful litigant benefits a group of similarly situated individuals under an equitable "balancing the benefits" doctrine, and (2) Plaintiffs may be considered successful litigants even though they lost their case, under a "catalyst rule," which deems plaintiffs successful if they achieved a desired result because their lawsuit brought about a voluntary change in the defendant's conduct.

---

[2] None of the attorneys from other firms and organizations representing Plaintiffs has filed a motion for fees or costs.

[3] At some point after the trial, Quinn left AT, but he continued to represent Plaintiffs as separate counsel of record.

As AT notes, the "catalyst theory" has been rejected by the United States Supreme Court with respect to federal fee-shifting statutes. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources,* 532 U.S. 598, 605 (2001). But AT argues that the rule has continued to apply in some states and has not been addressed by the Missouri Supreme Court for fee requests under Missouri law. AT argues that Plaintiffs may be considered successful litigants under the catalyst rule because, during the course of litigation and particularly during settlement negotiations in this case, Defendants voluntarily made some improvements to funding and treatment at SORTS.

Defendants oppose AT's motion, arguing that fees and costs are not warranted here because Plaintiffs were not prevailing parties and because there is insufficient evidence that any changes made by Defendants were the direct result of this litigation. Defendants note that Plaintiffs strenuously objected to a proposed class action settlement, and that based on those objections, the Court denied a motion to approve the settlement.

After carefully considering the parties' briefs and the authorities cited therein, the Court will deny AT's motion.[4] Even if AT were correct that Missouri law governs its request for attorney's fees (which is doubtful), AT has pointed to no Missouri caselaw or other authorities persuading the Court that Missouri would decline to follow *Buckhannon* and would instead authorize an equitable award of attorney's fees to losing plaintiffs as a result of voluntary changes made by the defendants. *Cf. Valley Park Fire Prot. Dist. of St. Louis Cty. v. St. Louis Cty.*, 265 S.W.3d 910, 914 (Mo. Ct. App. 2008) (citing *Buckhannon*

---

[4] AT has also filed a motion requesting oral argument. ECF No. 792. Finding that the issues have been thoroughly briefed and that oral argument would not assist the Court, the motion will be denied.

and noting the federal courts' rejection of the catalyst theory, though ultimately declining to address the merits of plaintiff's request for attorney's fees); *Lett v. City of St. Louis*, 24 S.W.3d 157, 164 (Mo. Ct. App. 2000) (pre-*Buckhannon* case declining to decide whether a catalyst theory would be recognized by Missouri courts but noting that "the cases applying the catalyst theory are typically federal civil rights cases" and therefore "view[ing] the federal decisions as . . . instructive").

Moreover, without discounting the tremendous amount of time and energy that Scherrer, Quinn, and the other attorneys from AT devoted to this case, granting AT's motion for fees and costs would be problematic in light of the unique circumstances of this case. As the Court stated in its Memorandum Opinion on liability, it is sincerely grateful to all of the attorneys who represented Plaintiffs in this case, for their dedicated representation of their clients and assistance to the Court. And certain testimony at the trial on liability provides at least some evidence that improvements to policies and procedures at SORTS were made as a result of the filing and prosecution of this lawsuit. However, as the parties are aware, at a time when the Memorandum Opinion faced significant risk of reversal, either by an appeal in this case or the then-pending appellate decision in *Karsjens*, Scherrer and Quinn opposed the proposed class action settlement that other class counsel, including lead counsel, supported. That settlement, as it turned out, would have provided substantially more benefits to the Plaintiff class.

Accordingly,

**IT IS HEREBY ORDERED** that Armstrong Teasdale LLP's motion for attorney's fees and costs, and its motion requesting oral argument on the same, are both **DENIED**. ECF Nos. 791 & 792.

                                        */s/ Audrey G. Fleissig*
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2017.